APPEAL OF LARS J. FIKSDAL CO.

Docket No. 3780.   Submitted October 12, 1925.   Decided January 19, 1926.

*Harleigh H. Hartman, Esq.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

This is an appeal from determinations of deficiencies in income and profits taxes for the calendar years 1919 and 1920, in the respective amounts of $2,256.34 and $648.53, a total of $2,904.87. The controversy arises from the disallowance by the Commissioner of a claimed deduction of $12,500 par value of capital stock issued in 1920 and claimed as additional compensation to an employee for services rendered in 1919.

FINDINGS OF FACT.

The taxpayer is a South Dakota corporation with its principal office at Webster, and is engaged in the general merchandise business. For a number of years prior to 1919 there were two general merchandise stores in Webster, i. e., the taxpayer and the H. C. Tegtmeier Co. In June, 1917, the owner of substantially all of the stock of the Tegtmeier Co. was David Williams, an active official of a bank in Duluth, who devoted no time to the business, except by way of consultation and advice. In January, 1917, Geo. H. Hammerbacker was employed as general manager of the store operated by the Tegtmeier Co. Hammerbacker had been engaged in various mercantile businesses for a number of years. In June, 1917, Hammerbacker purchased $14,500 par value of the capital stock of the Tegtmeier Co. from Williams, giving his note therefor. This stock represented approximately one-half of the total capital stock. Hammerbacker's salary was $1,800 in 1917; $2,000 in 1918; and $2,500 in 1919.

In 1919 the question of consolidation of the two stores was discussed between Hammerbacker and Lars J. Fiksdal, the president of the taxpayer. About November 25, 1919, they went to Duluth to see Williams and, on the trip there, an oral agreement was reached between Hammerbacker and Fiksdal that, if the Tegtmeier store should be purchased by the Fiksdal Co., Hammerbacker was to receive one-half of the profits of the business for 1919.

Arriving in Duluth, they found Williams prepared to sell, and an agreement was prepared selling the stock of merchandise, book accounts, and all assets of the H. C. Tegtmeier Co. for $36,000, the Fiksdal Co. assuming payment of all merchandise accounts, notes

payable aggregating $9,000, and all taxes. This sale was based primarily upon the January 1, 1919, inventory and balance sheet of the Tegtmeier Co. Williams was out of touch with the business and the amount agreed upon was the amount suggested by Hammerbacker as reasonable.

The store operated by the Tegtmeier Co. was promptly taken over by the taxpayer and continued with Hammerbacker as manager.

An inventory of the Tegtmeier store was taken by Hammerbacker on or about January 1, 1920, and showed a profit for 1919 of approximately $21,000. Hammerbacker contended that, as these profits were unusually large and were due to his efforts, he should receive more than one-half thereof. At a meeting held on January 14, 1920, the stockholders of the taxpayer agreed to and did issue $12,500 par value of its capital stock to Hammerbacker. Taxpayer claimed on account thereof a deduction of $12,500 from its 1919 income, as additional compensation to Hammerbacker.

### DECISION.

The determination of the Commissioner is approved.

---

## Appeal of PENINSULAR STATE BANK OF DETROIT.

Docket No. 4172.   Submitted September 21, 1925.   Decided January 19, 1926.

The determination of the Commissioner disallowing a deduction of the balance of the taxpayer's investment in certain bonds and treating certain items as capital expenditures rather than ordinary and necessary expenses, approved.

*William M. Donnelly, Esq.*, for the taxpayer.
*Lee I. Park, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This is an appeal from the determination of deficiencies of $912.53 and $4,736.61 in income and profits taxes for the years 1916 and 1920, respectively, overassessments of $639.58, $842.34 and $365.38 having been found for the years 1918, 1919, and 1921, respectively. The questions involved are the deductibility as ordinary and necessary expenses of the cost of small safes and the cost of installing a police signalling system, and the deductibility of the balance of the taxpayer's investment in certain bonds.